United States District Court
Southern District of Texas

**ENTERED**

June 16, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| THE NORMANDIE OZ, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-1069 |
| | § | |
| INTERRA-SKY NORMANDIE, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

The Normandie Oz, LLC has moved to dismiss this case for lack of subject-matter jurisdiction. (Docket Entry No. 32). In its complaint, The Normandie Oz asserted diversity jurisdiction under 28 U.S.C. § 1332. (Docket Entry No. 27 at ¶ 3). The Normandie Oz now argues that the court does not have subject-matter jurisdiction because the parties are not diverse.

The Normandie Oz and Interra-Sky Normandie, LLC are limited-liability corporations. For purposes of diversity jurisdiction, their citizenship is based on the citizenship of each of their members. *MidCap Media Finance, L.L.C. v. Pathway Data*, *Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Greenville Imaging, LLC v. Washington Hosp. Corp.*, 326 F. App'x 797, 798 (5th Cir. 2009) (per curiam). Both The Normandie Oz and Interra-Sky Normandie have members who are New York citizens, which makes them nondiverse. (Docket Entry Nos. 32-1, 32-2). The court lacks subject-matter jurisdiction. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (diversity jurisdiction "requires that all persons on one side of the controversy be citizens of different states than all person on other side" (quotation marks omitted))

Interra-Sky Normandie responds that the agreement at the heart of this case contains a clause stating that the parties "irrevocably consent to the exclusive jurisdiction and venue of [the] United States District Court for the Southern District of Texas."  (Docket Entry No. 33).  That clause does not affect the jurisdictional analysis, because parties cannot establish federal subject-matter jurisdiction by consent, and the clause consents only to personal jurisdiction and venue in this district.  *See, e.g.*, *Midcap Media Finance*, 929 F.3d at 313 ("Notwithstanding the parties' agreement, [federal courts] have an independent obligation to assess [their] own jurisdiction before exercising the judicial power of the United States."); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (parties "may neither consent to nor waive federal subject matter jurisdiction").

This case is dismissed, without prejudice, for lack of subject-matter jurisdiction.

SIGNED on June 16, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

2